Page 1 of 3

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**WILLIE JOSEPH WILLIAMS**,

      **Plaintiff,**

**vs.**                                                              **Case No. 4:10cv119-SPM/WCS**

**WALTER A. MCNEIL, et al.,**

      **Defendants.**

                                /


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. As Plaintiff has now paid the assessed initial partial filing fee, doc. 5, the complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff complains in this case that he is being wrongfully detained in prison. Doc. 1, p. 5. Plaintiff contends that he is Willie Joseph William and is not the person Willie Joe Williams. Plaintiff claims his social security number and date of birth are different than the other person identified. *Id.* Plaintiff seeks monetary damages as relief.

Prisoners may not seek release from prison or reduce their period of confinement through a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827,

1841, 36 L. Ed. 2d 439 (1973); <u>Heck</u>, 512 U.S. 477, 114 S. Ct. at 2372.  Even though

Plaintiff has not specifically requested release from prison, if Plaintiff's claim is correct

and he is wrongfully incarcerated instead of another person, he could be entitled to

release.  An attack on one's incarceration or the length of that confinement is a *habeas*

*corpus* claim and may only be litigated through the filing of a habeas petition under 28

U.S.C. § 2254.  Under <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L.

Ed. 2d 383 (1994), a claim for damages that is related to a sentence or conviction that

has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.

<u>Heck</u>, 114 S. Ct. at 2372.  Therefore, Plaintiff's claim for money damages stemming

from an alleged wrongful incarceration is not cognizable under § 1983 until Plaintiff has

demonstrated that a court has ordered his release through a habeas proceeding.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be

granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and

recommendation direct the Clerk of Court to note on the docket that this cause was

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 6, 2010.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**




**<u>NOTICE TO THE PARTIES</u>**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**